IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| SOUTHWESTERN ATHLETIC CONFERENCE, <br><br> Plaintiff, <br><br> v. <br><br> URBAN EDGE NETWORK, LLC., <br><br> Defendant. | Case No: _____ |

## COMPLAINT

COMES NOW plaintiff Southwestern Athletic Conference and hereby alleges as follows:

## BACKGROUND AND PARTIES

1. Plaintiff Southwestern Athletic Conference ("**SWAC**") is an Alabama not-for-profit corporation with its principal place of business in Birmingham, Alabama.

2. Defendant Urban Edge Network, LLC ("**Urban Edge**") is, upon information and belief, a limited liability company formed under the laws of the State of Nevada with its principal place of business in Texas.

3. Upon information and belief, Urban Edge may be served via its registered agent, Corporate Capital, Inc., 7848 West Sahara Avenue, Las Vegas, Nevada 89117.

4. Hardy Pelt f/k/a Victor Pelt ("**Pelt**") is, upon information and belief, an individual resident of the State of Texas.

5. SWAC is not aware of the current whereabouts of Pelt but will seek this information in discovery and add Pelt as a party this action.

6. Todd Brown ("**Brown**") is, upon information and belief, an individual resident of the State of Texas.

7. SWAC is not aware of the current whereabouts of Brown but will seek this information in discovery and add Brown as a party this action.

## JURISDICTION AND VENUE

8. This Court's jurisdiction in this matter arises from 28 U.S.C. § 1332.

9. As an Alabama corporation with its principal place of business in Alabama, SWAC is a citizen of Alabama for jurisdictional purposes.

10. Because Urban Edge is a limited liability company, its citizenship for diversity purposes will depend upon the citizenship of its members.

11. Upon information and belief, the members of Urban Edge are Pelt and Brown.

12. Upon information and belief, Pelt is a citizen of Texas.

13. Upon information and belief, Brown is a citizen of Texas.

14. Based upon this information and belief, Urban Edge is a citizen of Texas for jurisdictional purposes.

15. Upon information and belief, no member of Urban Edge is a citizen of Alabama.

16. Accordingly, there is complete diversity between the plaintiff (AL) and Urban Edge (TX).

17. SWAC believes there will still be complete diversity between the parties once Pelt and Brown are added as defendants.

18. This dispute involves various torts, breaches of contract and other frauds which involve a value greater than $75,000.

19. SWAC's principal office is in Jefferson County, Alabama.

20. All actions taken by SWAC and referenced herein were performed by SWAC from or through its principal office in Birmingham, Alabama.

21. Based on these facts and allegations, the federal courts may exercise diversity jurisdiction over this dispute.

22. Based on these facts and allegations, venue is proper in the Southern Division of the United States District Court for the Northern District of Alabama.

# FACTS

*SWAC's Background*

23.     SWAC is an intercollegiate athletic conference which includes twelve member institutions in six states, including Alabama, Arkansas, Florida, Louisiana, Mississippi, and Texas.

24.     Like other intercollegiate athletic conferences, SWAC's member institutions give up certain rights to SWAC as a part of joining the conference, including the right for SWAC to sell or market the television, distribution, or licensing rights to all SWAC games and events involving the member institutions.

25.     SWAC is also granted the right by its member institutions to seek and obtain sponsorships for SWAC and its games and events.

26.     SWAC seeks and obtains various sponsorships directly.

27.     SWAC also contracts with third parties to assist SWAC to obtain other sponsorships.

*Defendants have no relationship to SWAC*

28.     SWAC has no agreement with Urban Edge, Pelt, nor Brown for those parties to seek or obtain sponsorships or sell advertising on behalf of SWAC.

29.     SWAC does have certain pre-existing relationships relating to its distribution and television rights which do not involve Urban Edge, Pelt, nor Brown.

30. SWAC has no agreement with Urban Edge, Pelt, nor Brown for those parties to manage or hold any distribution or television rights for SWAC.

31. Instead, upon information and belief, Urban Edge, Pelt, and Brown entered an agreement with one or more of SWAC's member institutions which purported to give Urban Edge, Pelt, and Brown the right to market or distribute certain games or events involving those member institutions.

32. However, upon information and belief, in those agreements with Urban Edge, Pelt, and/or Brown, the SWAC member institutions retained the right to approve any use of their media rights by Urban Edge, Pelt, and Brown.

33. The SWAC member institutions understand that, based upon their membership in SWAC, their right to utilize the media and distribution rights for their athletic events is subject to pre-existing SWAC contracts with other media providers.

*Defendants Attempt to Fraudulently Sell Advertising*

34. Despite the lack of any connection to SWAC and the limited (if any) rights granted to Urban Edge in its agreements with one or more SWAC member institutions, Urban Edge, along with Pelt and Brown, initiated a discussion with a third-party with whom SWAC has an existing business relationship to sell advertising for SWAC games and events.

35. The individual member institutions could not grant general rights to distribute or market their athletic events to Urban Edge, Pelt, and Brown since that

power was granted by those member institutions to SWAC as a part of their membership in SWAC.

36. However, even assuming the member institutions could grant such rights to a third party like Urban Edge, Pelt, and Brown, the purported sale of advertising for the SWAC games and events by Urban Edge, Pelt, and Brown was not limited to just those member institutions with whom Urban Edge, Pelt, and Brown purportedly contracted.

37. Instead, upon information and belief, Urban Edge, Pelt, and Brown sought to sell advertising for SWAC events involving all SWAC member institutions which Urban Edge, Pelt, nor Brown represented they had the rights to broadcast.

38. Urban Edge, Pelt, and Brown have no licensing rights from SWAC, no right to broadcast any SWAC games or events, nor any right to sell advertising for any SWAC games or events.

39. After Urban Edge, Pelt, and Brown sought to sell the advertising to the third-party for various SWAC games and events, that third-party contacted SWAC to confirm whether Urban Edge held any right to sell advertising for SWAC games and events.

40. Urban Edge, Pelt, and Brown have, and had, no contractual or business relationship with the third-party solicited by Urban Edge, Pelt, and Brown for the sale of advertising during SWAC games and events.

41. When asked by the third-party (with whom SWAC does have an existing relationship), SWAC informed the third-party that only SWAC and its duly appointed contractors, which does not include Urban Edge, Pelt, or Brown, held the right to broadcast SWAC games or events and sell advertising for SWAC games or events.

42. The necessary conclusion from the accurate information provided to the third-party from SWAC was that Urban Edge, Pelt, and Brown held no licensing rights from SWAC, no right to broadcast any SWAC games or events, nor any right to sell advertising for any SWAC games or events.

43. Urban Edge, Pelt, and Brown attempted to fraudulently sell advertising to a third-party, and potential SWAC sponsor, for the broadcast of SWAC games and events with no right to either broadcast any SWAC games or events nor sell such advertising during the broadcasts of SWAC games or events.

44. Following SWAC's truthful and accurate notice to this third-party solicited by Urban Edge, Pelt, and Brown that the sale of any advertising rights could only be made through SWAC, or its licensed contractors, Urban Edge, Pelt, and Brown then threatened suit against SWAC and its commissioner and other SWAC contractors "alleging tortious interference with an expected business transaction."

45. The actions of Urban Edge, Pelt, and Brown damaged SWAC's reputation and its relationship with at least one potential sponsor.

46. The actions of the Urban Edge, Pelt, and Brown harmed, and could harm in the future, SWAC's actual existing business relationships with sponsors and its contractors.

47. Urban Edge, Pelt, and Brown's attempts to sell advertising for SWAC games and events for which Urban Edge, Pelt, and Brown were fraudulent because Urban Edge, Pelt, and Brown held no rights to broadcast such games or events and no right to sell any advertising for the games and events.

48. If Urban Edge, Pelt, and Brown are not enjoined from continuing to make such false representations, then Urban Edge, Pelt, and Brown will continue to damage SWAC's reputation, its existing contractual relationships with contractors, its ability to obtain future sponsorships, and its ability to sell advertising for its games and events.

## CAUSES OF ACTION

### *Count 1 – Declaratory Judgment*

49. SWAC adopts and incorporates the previously alleged facts as if fully set forth herein.

50. Urban Edge, Pelt, and Brown sought to fraudulently and without authority sell media and advertising to a third-party for SWAC games and events.

51. When caught in the act, Urban Edge, Pelt, and Brown then threatened to file suit against SWAC for purportedly interfering in an "expected" business transaction with that third-party.

52. Upon information and belief, Urban Edge, Pelt, and Brown have no existing contractual relationship with the third-party solicited by Urban Edge, Pelt, and Brown and no basis to form such a relationship other than the attempt to fraudulently "sell" advertising for SWAC events which Urban Edge, Pelt, and Brown are not entitled to sell.

53. SWAC seeks a declaratory judgment that Urban Edge, Pelt, and Brown have no contractual relationship with SWAC and, accordingly, no right to sell any media or advertising rights to any third-party for SWAC games or events.

54. SWAC seeks a declaratory judgment that no claim under Alabama or any other applicable law exists for a purported interference in an "expected" business transaction by Urban Edge, Pelt, and Brown where the business transaction or relationship "expected" would require the consent and grant of authority from SWAC to perform.

WHEREFORE, based on the foregoing, pursuant to Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. § 2201, SWAC respectfully requests the entry of a declaratory judgment in its favor and against Urban Edge, Pelt, and Brown finding that Urban Edge, Pelt, and Brown have no contractual relationship with

SWAC and that no claim exists for purported interference in an "expected" business transaction, as well as an award of SWAC's costs and fees, including attorney fees.

### *Count 2 – Intentional Interference with Contractual/Business Relations*

55. SWAC adopts and incorporates the previously alleged facts as if fully set forth herein.

56. SWAC has existing business and contractual relationships with various sponsors and contractors which involve the sale, or potential sale, of media or advertising rights for SWAC games and events.

57. Urban Edge, Pelt, and Brown falsely represented to a third-party and potential SWAC sponsor that Urban Edge, Pelt, and Brown had the right to sell certain media or advertising rights for SWAC games and events.

58. Urban Edge, Pelt, and Brown do not have the right to sell any media or advertising rights for SWAC games and events.

59. Urban Edge, Pelt, and Brown were aware at the time of the false representations that Urban Edge, Pelt, and Brown did not, and do not, have the right to sell media and advertising rights for SWAC.

60. Urban Edge, Pelt, and Brown are not a party to any of the contractual or business relationships between SWAC and its sponsors or contractors.

61. SWAC has existing contractual and business relationships with various sponsors which may be damaged by Urban Edge, Pelt, and Brown's fraudulent

representations to existing or potential sponsors that Urban Edge, Pelt, and Brown may sell media and advertising rights for SWAC.

62. Urban Edge, Pelt, and Brown's actions damaged SWAC's reputation and its continuing relationships with sponsors and contractors.

WHEREFORE, based on the foregoing, SWAC demands judgment in its favor and against Urban Edge, Pelt, and Brown sufficient to make SWAC whole for the damage incurred because of the wrongful actions of Urban Edge, Pelt, and Brown, including punitive damages, pre-judgment interest and costs, and attorney fees.

### *Count 3 – Defamation*

63. SWAC adopts and incorporates the previously alleged facts as if fully set forth herein.

64. Urban Edge, Pelt, and Brown negligently, intentionally, and/or falsely represented to a third-party and potential SWAC sponsor that Urban Edge, Pelt, and Brown had the right to sell certain media or advertising rights for SWAC games and events.

65. Urban Edge, Pelt, and Brown do not have the right to sell any media or advertising rights for SWAC games and events.

66. Urban Edge, Pelt, and Brown's actions damaged SWAC's reputation and its continuing ability to obtain sponsors and sell media and advertising rights for the conference and its member institutions.

67. The statements were made by Urban Edge, Pelt, and Brown to at least one third-party known to SWAC.

68. The statements caused damage to SWAC's relationship with the third-party and potential sponsor.

WHEREFORE, based on the foregoing, SWAC demands judgment in its favor and against Urban Edge, Pelt, and Brown sufficient to make SWAC whole for the damage incurred because of the wrongful actions of Urban Edge, Pelt, and Brown, including punitive damages, pre-judgment interest and costs, and attorney fees.

### *Count 4 – Misrepresentation*

69. SWAC adopts and incorporates the previously alleged facts as if fully set forth herein.

70. Urban Edge, Pelt, and Brown falsely represented to a third-party and potential SWAC sponsor that Urban Edge, Pelt, and Brown had the right to sell certain media or advertising rights for SWAC games and events.

71. Urban Edge, Pelt, and Brown do not have the right to sell any media or advertising rights for SWAC games and events.

72. Urban Edge, Pelt, and Brown's actions damaged SWAC's reputation and its continuing ability to obtain sponsors and sell media and advertising rights for the conference and its member institutions.

WHEREFORE, based on the foregoing, SWAC demands judgment in its favor and against Urban Edge, Pelt, and Brown sufficient to make SWAC whole for the damage incurred because of the wrongful actions of Urban Edge, Pelt, and Brown, including punitive damages, pre-judgment interest and costs, and attorney fees.

### *Count 5 – Injunctive Relief*

73. SWAC adopts and incorporates the previously alleged facts as if fully set forth herein.

74. Urban Edge, Pelt, and Brown sought to fraudulently and without authority sell media and advertising to a third-party for SWAC games and events.

75. Upon information and belief, the Urban Edge, Pelt, and Brown intend to continue to take such improper actions.

76. In addition, Urban Edge, Pelt, and Brown are threatening frivolous litigation against SWAC based on SWAC's reasonable and legal attempts to stop the attempted fraud by Urban Edge, Pelt, and Brown.

77. SWAC is likely to be successful on the merits of its various claims against the Urban Edge, Pelt, and Brown seeking declaratory judgment and damages for misrepresentation.

78. Because of the unique nature of advertising and media rights held by SWAC for SWAC games and events, SWAC will suffer irreparable harm if the Urban Edge, Pelt, and Brown are not enjoined from further improper attempts to fraudulently sell SWAC advertising and media rights.

79. The requested relief will not harm the Urban Edge, Pelt, and Brown, who have no right to sell any SWAC media or advertising rights, but the failure to issue the requested relief will cause substantial harm to SWAC. If the injunctive relief is granted, the Urban Edge, Pelt, and Brown would remain free to conduct business and would simply be barred from further attempts to fraudulently sell SWAC advertising and media rights.

80. The requested relief would not harm the public interest.

WHEREFORE, based on the foregoing, SWAC respectfully requests the entry of a temporary and permanent injunction barring Urban Edge, Pelt, and Brown from any further fraudulent attempts to sell SWAC advertising and media rights to third parties, plus the award of fees and costs, including attorney fees.

SWAC requests such other or different relief as may be necessary, required, or available.

Respectfully submitted,


 */s/ John W. Clark IV*
JOHN W. CLARK IV (ASB-5187-O77C)

CLARK LAW FIRM PC
The Landmark Center, Suite 600
2100 First Avenue North
Birmingham, Alabama 35203
Telephone:  205.506.0075
Facsimile:   800.856.9028
Email:         jclark@clarklawfirm.com

**Attorneys for plaintiff Southwestern Athletic Conference**